**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

R.O. Brooks: Freshwadda,

              Plaintiff,

    v.

Nicholas Boutos; Kenneth Bourne; Genaro Howell; Tristy Cox; and Karen Flores-Lezama,

              Defendants.

Case No. 2:23-cv-00880-CDS-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.**    ***In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.**    **Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A.   Plaintiff's allegations.

Plaintiff sues five defendants: family services investigators Nicholas Boutos and Kenneth Bourne; "bailiff deputy marshal" Genaro Howell; and state court clerks Tristy Cox and Karen Flores-Lezama. Plaintiff sues each defendant in their official and individual capacities. Plaintiff brings his claims under 42 U.S.C. § 1983.[1]  Plaintiff claims that on May 9, 2023, while at the Regional Justice Center in Courtroom 03A, Howell kidnapped him and then turned him over to Boutos and Bourne. Boutos then placed Plaintiff in handcuffs, despite Plaintiff explaining that he had injured shoulders. Plaintiff remained in these handcuffs in a position that hurt his shoulders for three hours while Bourne, Boutos, and Howell[2] searched his criminal history, insinuating that Plaintiff was a felon and joking about violating his rights. Plaintiff alleges that Bourne, Boutos, and Howell never read him his *Miranda* rights and also "stole" his fingerprints, picture, "iris," and signature.[3]  Plaintiff also alleges that Plaintiff claims that Cox and Flores-Lezama "contributed to the violations by presenting incorrect information, copyright infringement and

---

[1] Plaintiff also brings his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* applies when plaintiffs are suing federal officials for the violation of certain constitutional rights. *See Smith v. Lopez*, No. 2:13-cv-00892-GMN-PAL, 2014 WL 1302038, at *3 (D. Nev. March 28, 2014) ("[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.") (internal citations and quotations omitted). But Defendants each appear to be state, not federal officials. The Court thus analyzes Plaintiff's claims under § 1983.

[2] Plaintiff refers to "officers," by which he appears to be referring to Bourne, Boutos, and Howell. The Court liberally construes Plaintiff's complaint as referring to these Defendants because Plaintiff refers to Bourne as "officer Bourne."

[3] Plaintiff's claim regarding his *Miranda* rights is one that would necessarily imply the invalidity of a conviction or sentence and is thus barred by *Heck v. Humphrey*, 512 U.S. 477 (1993). *See Jones v. Soong*, No. 18-cv-00226-JAO-RLP, 2018 WL 4623638, at *2 (D. Haw. Sept. 26, 2018) ("claims that seek damages for an allegedly unlawful conviction based on a police officer's alleged failure to read a defendant his *Miranda* rights during the arrest, are *Heck*-barred.") (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (finding a claim alleging that an officer failed to read *Miranda* warnings was *Heck*-barred)). Under *Heck*, if a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by *habeas* petition, or through a similar proceeding. *See Heck*, 512 U.S. at 486-87. Because Plaintiff's complaint does not establish that an underlying sentence or conviction has been invalidated on appeal, by *habeas* petition, or through a similar proceeding, the Court does not address Plaintiff's *Miranda* claim because it is barred by *Heck*.

instructions for officers to continue with their unjustified and abusive behavior." (ECF No. 1-1 at 4).

Plaintiff does not specify the Constitutional provisions or federal statutes under which he brings his claims. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Nonetheless, the Court construes Plaintiff's complaint as alleging a Fourth Amendment excessive force claim against Boutos and Bourne for placing and keeping him in handcuffs while ignoring his complaints about his shoulders. However, Howell, Cox, and Flores-Lezama are immune because Plaintiff's allegations involve them performing tasks that are an integral part of the judicial process.

### 1.    Fourth Amendment excessive force.

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. *Graham*, 490 U.S. 386, 394-95 (1989).

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation ... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

> *Graham*, 490 U.S. at 396-97 (internal citations omitted).

1    Here, Plaintiff has alleged a colorable claim for excessive force in violation of the Fourth

2    Amendment against Boutos and Bourne.  He asserts that Boutos handcuffed him and, although

3    Plaintiff informed Boutos and Bourne that the handcuffs were hurting his shoulders, Boutos and

4    Bourne kept him in the handcuffs for three hours.  This is sufficient to allege a Fourth

5    Amendment claim against Boutos and Bourne.

6                            2.       Quasi- judicial immunity.

7    Judges and courts have absolute civil immunity for their judicial acts unless there is a

8    "clear absence" of subject-matter jurisdiction.  *Estes v. Gaston*, No. 2:12-cv-01853, 2012 WL

9    6645609, at *3 (D. Nev. Nov. 26, 2012) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-58

10   (1978)).  Judicial immunity also extends to court staff, including court clerks and bailiffs.  *Mullis*

11   *v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987); *Foley v. Graham*, No. 2:16-cv-

12   01871-JAD-VCF, 2017 WL 1135225, at *3 (D. Nev. March 27, 2017) (citing *Mullis*, 828 F.2d at

13   1390 and extending immunity to bailiffs).  Court staff has "absolute quasi-judicial immunity from

14   damages for civil rights violations when they perform tasks that are an integral part of the judicial

15   process."  *Mullis*, 828 F.2d at 1390.  They are immune unless their acts "were done in the clear

16   absence of all jurisdiction."  *Id.*  "[A] mistake or an act in excess of jurisdiction does not abrogate

17   judicial immunity, even if it results in 'grave procedural errors.'"  *Id*.

18   Here, Plaintiff's allegations appear to concern a family court proceeding because he

19   alleges that the events took place at the Regional Justice Center in Courtroom 03A.  Plaintiff's

20   allegations regarding Howell, Cox, and Flores-Lezama all appear to involve tasks that are an

21   integral part of the judicial process.  And the allegations are too vague for the Court to conclude

22   otherwise.  Because Howell, Cox, and Flores-Lezama are immune from Plaintiff's allegations as

23   he pleads them, the Court dismisses these defendants without prejudice.

24

25   **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

26   *pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.

27   Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of

28   any additional fees or costs or the giving of a security therefor.  This order granting leave to

proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket and issue summons to Nicholas Boutos and Kenneth Bourne.

**IT IS FURTHER ORDERED** that Plaintiff's claim for excessive force in violation of the Fourth Amendment shall proceed against Boutos and Bourne.

**IT IS FURTHER ORDERED** that Defendants Howell, Cox, and Flores-Lezama are dismissed without prejudice.

**IT IS FURTHER ORDERED** that service must be accomplished on or before **December 27, 2023**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the following to the U.S. Marshals Service: (1) two copies of the complaint (ECF No. 1-1); and (2) the summonses to Boutos and Bourne.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff two blank copies of form USM-285.[4]

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 form for each Defendant and provide an address where each Defendant can be served with process.  Once completed, Plaintiff must provide the USM-285 forms to the U.S. Marshals Service.  Plaintiff shall have until **October 19, 2023** in which to furnish the U.S. Marshals Service with the required forms.

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)— the U.S. Marshals Service shall attempt service upon Defendants.

---

[4] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving from the U.S. Marshals Service a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served.  If Plaintiff wishes to have service again attempted on an unserved Defendant, he must file a motion with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff wishes to file an amended complaint and to the extent Plaintiff believes he can correct the noted deficiencies, he shall have until **October 30, 2023** to do so.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: September 29, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE