UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| R.O. Brooks Freshwadda,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Nicholas Boutos, et al.,<br><br>　　　　　Defendants | Case No. 2:23-cv-00880-CDS-DJA<br><br>**Order Granting Plaintiff's Motion for Acceptance of Filing, Denying Plaintiff's Motion for Damages, and Striking Plaintiff's Notice and Exhibit Filings**<br><br>[ECF Nos. 17, 18, 19, 21] |

　　　　This § 1983 action was initiated by pro se plaintiff R.O. Brooks Freshwadda in June 2023. Compl., ECF No. 1-1. Defendants Kenneth Bourne and Nicholas Boutos were served with the complaint on October 31, 2023. ECF Nos. 10, 11. Defendants filed their answer on November 21, 2023. Answer, ECF No. 12. There was no activity in this case for well over a year, so on February 5, 2025, this court issued a notice of intent to dismiss the action for want of prosecution unless Freshwadda acted in this case on or before February 26, 2025. Notice, ECF No. 15. Shortly after the notice was docketed, Freshwadda filed multiple documents: (1) a "Notice of Congressional Record," (2) an Apology and Request for Acceptance of Filing, (3) a "Submission of Evidence: Exhibit B," and (4) a motion for damages in the amount of "thirty-million United States dollars." ECF Nos. 17, 18, 19, 21. Defendants filed an opposition to the motion for damages. Opp'n, ECF No. 22. For the reasons set forth herein, the court grants Freshwadda's motion for acceptance of filing, strikes the notice and exhibit, and denies his motion for damages.

I.　　Discussion

　　　　A.　**Freshwadda's motion for acceptance of filing is granted.**

　　　　On February 27, 2025, Freshwadda filed a "request for acceptance of filing," which includes an apology to the court for filing the motion one day past the February 26, 2025 deadline, and an explanation that he is still learning to navigate the legal system. ECF No. 18.

The court liberally construes the filing as a response to my February 5, 2025 notice threatening dismissal of the action for want of prosecution. To that end, the motion to accept filing is granted.

However, although Freshwadda's pro se status requires the court to review the filings and pleadings less stringently than parties who are represented by counsel, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this does not excuse Freshwadda from following the requirements and rules that a represented party must follow. This includes following court orders, as well as the Federal Rules of Civil Procedure and this court's local rules. Indeed, the Ninth Circuit held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In that same case, the Ninth Circuit noted that "[a]lthough we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Id.* at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Accordingly, Freshwadda is hereby cautioned that all litigants, including those who are pro se, mut follow the rules and orders of this court, to include the local rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. A copy of the local rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Failure to comply with court orders or rules may result in the issuance of sanctions, to include dismissal of this action.

**B. Freshwadda's motion for damages is denied without prejudice.**

On March 12, 2025, Freshwadda filed a motion for damages in the amount of $30,000,000. Mot., ECF No. 21. The motion contains some of the same information set forth in his complaint, but with less information regarding what the defendants did that would give rise to a claim against each of them. It is unclear what relief Freshwadda seeks by way of this motion. In reply to defendants' opposition, Freshwadda recognizes that only his Fourth Amendment claim survived screening. Reply, ECF No. 23. Accordingly, the complaint, docketed at ECF No. 8 setting forth the Fourth Amendment claim against defendants, is the operative

complaint. Because Freshwadda's motion for damages seeks the same relief as the complaint, that motion is denied without prejudice as duplicative. Freshwadda is directed to review the local rules regarding his obligations as the plaintiff in regard to litigating his case.

### C. The court strikes the "notice" and "exhibit."

Federal Rule of Civil Procedure 7 states that only the following pleadings are allowed:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). That same rule states that "[a] request for a court order must be made by motion" and that the motion must "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." *Id.* at (b).

The documents filed at ECF Nos. 17 and 19 are not compliant with Federal Rule of Civil Procedure 7. The notice Freshwadda filed is a copy of the Congressional Record from June of 1967. ECF No. 17. The exhibit is a letter from the U.S. Department of Homeland Security regarding a FOIA request Freshwadda submitted in January 2023. ECF No. 19. There is no indication or explanation as to why these documents were filed, much less how they are related to this litigation, making both documents rogue filings. Consequently, the documents are stricken. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (The district court has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation . . . .").

II.	Conclusion

IT IS HEREBY ORDERED that Freshwadda's motion for acceptance of filing [ECF No. 18] is GRANTED.

IT IS FURTHER ORDERED that Freshwadda's notice and exhibit [ECF Nos. 17, 19] are STRICKEN.

IT IS FURTHER ORDERED that Freshwadda's motion for damages [ECF No. 21] is DENIED without prejudice as duplicative.

Dated: May 14, 2025

_____
Cristina D. Silva
United States District Judge