UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| R.O. Brooks Freshwadda, | Case No. 2:23-cv-00880-CDS-DJA |
| Plaintiff | **Order Denying Plaintiff's Motion for Relief from Judgment and Order to Show Cause Why this Action Should Not Be Dismissed** |
| v. | |
| Nicholas Boutos, et al., | [ECF No. 25] |
| Defendants | |

On August 12, 2025, plaintiff R.O. Brooks Freshwadda filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Mot., ECF No. 25. The title of the document states "motion for reconsideration" under the header. *Id.* at 1. Thus, I construe the filing as a motion for reconsideration, and for the reasons set forth herein, I deny the motion.

I.  Discussion

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration, which include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988))).

1  Rule 60(b) provides that a court may relieve a party from a final judgment, order, or
2 proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
3 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in
4 time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an
5 opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
6 discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it
7 prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b)(6)
8 "allows alteration for 'any other reason justifying relief from the judgment.'" *Straw v. Bowen*, 866
9 F.2d 1167, 1172 (9th Cir. 1989) (quoting Fed. R. Civ. P. 60(b)(6)). A Rule 60(b)(1) motion "must
10 show that the district court committed a specific error." *Id*. Further, to prevail on a Rule
11 60(b)(6) motion, a "plaintiff must demonstrate 'extraordinary circumstances' to justify relief
12 from judgment." *Id*. (quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).
13  Freshwadda's reconsideration motion fails for two reasons. First, the request for
14 reconsideration of my February 10, 2025 order (ECF No. 20) cannot be granted as that order is
15 not considered a final ruling. A motion under Rule 60(b) may not be made unless the order to be
16 reconsidered is a final ruling from which an appeal can be taken. *See United States v. Iron Mountain*
17 *Mines*, 812 F. Supp. 1528, 1555 (E.D. Cal. 1993); *see also* Adv. Comm. Note to 1946 Amend. to Fed.
18 R. Civ. P. 60(b).
19  However, even broadly construing the motion as seeking reconsideration generally, the
20 motion fails to demonstrate that there is newly discovered evidence, that I committed clear
21 error, or that there was an intervening change in the controlling law that would warrant
22 reconsideration. Freshwadda cites to several statutes and rules in an effort to demonstrate why
23 reconsideration is warranted, but the motion lacks any meaningful analysis explaining how
24 those statutes and rules meet the reconsideration standard. *See generally* ECF No. 25. Rather, the
25 motion summarily contends he is entitled to relief. *Id.* Accordingly, the motion for
26 reconsideration is denied.

To date, Freshwadda has yet to comply with Local Rule 26-1(a), which requires a plaintiff to "initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears." D. Nev. Local Rule 26-1(a). Here, defendants filed an answer to the complaint almost two years ago, on November 21, 2023. Answer, ECF No. 12. A review of the docket reveals that Freshwadda has not engaged in discovery, much less diligently prosecuted this case. Indeed, the court has previously warned Freshwadda that dismissal for failure to prosecute was potentially warranted after the case laid dormant for a year. *See* Notice, ECF No. 15. Therefore, Freshwadda is ordered to show cause, **in writing**, **by September 12, 2025,** explaining why this action should not be dismissed for failing to comply with Local Rule 26-1(a) and for failing to diligently prosecute this case. If Freshwadda fails to respond by September 12, 2025, the complaint will be dismissed without prejudice and without further notice.

II.     **Conclusion**

IT IS HEREBY ORDERED that Freshwadda's motion for reconsideration **[ECF No. 25] is DENIED.**

IT IS FURTHER ORDERED that Freshwadda **must show cause by September 12, 2025**, why this action should not be dismissed for failing to comply with Local Rule 26-1(a) and for failing to diligently prosecute this case. Failure to respond will result in dismissal without further notice.

Dated: August 15, 2025

_____
Cristina D. Silva
United States District Judge