# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| R.O. Brooks Freshwadda, | Case No. 2:23-cv-00880-CDS-DJA |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Nicholas Boutos, et al., | [ECF Nos. 28, 30] |
| Defendants | |

Plaintiff R.O. Brooks Freshwadda was ordered to show cause why this action should not be dismissed for failing to comply with Local Rule 26-1(a) and for failing to diligently prosecute this case. Order, ECF No. 26. In Freshwadda's timely response, he asserts that the defendants' answer triggered a shared duty. Resp., ECF No. 27 at 3. Freshwadda argues that Local Rule 26-1(a) states that "**[t]he parties** must confer . . .within 30 days after the first defendant answers" so he "reasonably awaited communication from counseled Defendants to schedule this conference." *Id.* However, Freshwadda misquotes the rule. In pertinent part, Local Rule 26-1(a) states that

> The **pro se plaintiff** or plaintiff's attorney **must initiate** the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears.

LR 26-1(a) (emphasis added).

Therefore, Freshwadda, as the pro se plaintiff, was required to initiate the scheduling of the conference with the defendants by December 21, 2023. He did not. Instead, the case sat unprosecuted for well over a year. Notice, ECF No. 15. "It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court." *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) (citing *Boudreau v. United States*, 250 F.2d 209 (9th Cir. 1957); *Hicks v. Bekins Moving & Storage*, 115 F.2d 406 (9th Cir. 1940)). Even now, after

being cautioned that his case would be dismissed for his failure to prosecute, Freshwadda has failed to engage with the defendants. And the Ninth Circuit has long held that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

District courts have the power to dismiss an action for failure to prosecute, either under Rule 41(b) of the Federal Rules of Civil Procedure or under its inherent authority. *See* Fed. R. Civ. P. 41(b) (action may be dismissed if plaintiff fails to prosecute); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) ("A court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b) and under its local rule . . . and even in the absence of such rules.").

In determining whether to dismiss a case for lack of prosecution, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Here, Freshwadda's negligent failure to commence discovery, failure to file anything on the docket from November 2023–February 2025, and his continued failure to diligently prosecute this case, undermined the public's interest in the expeditious resolution of litigation and the court's ability to manage its docket. These unreasonable delays have resulted in prejudice to the defendants. *Laurino v Syringa Gen. Hosp.* 279 F.3d 750, 753 (9th Cir. 2002) ("a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute"). Further, this case cannot move toward resolution on the merits given Freshwadda's failure to comply with deadlines and discovery obligations. Finally, in considering the availability of less drastic sanctions, I find there is no lesser alternative than dismissal. As

noted above, this case stalled for well over a year until the court issued a notice of its intent to dismiss for failure to prosecute. Notice, ECF No. 15. Now, again, almost eight months later, and after warnings about his dilatory behavior, Freshwadda fails to diligently prosecute his case. "[I]t is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). That includes ensuring that the parties comply with Federal Rule of Civil Procedure 26(f). Thus, I find no less drastic sanction is available.

Therefore, exercising the court's inherent power under Federal Rule of Civil Procedure 41(b), Freshwadda's complaint is dismissed. Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 629–30.

## Conclusion

IT IS HEREBY ORDERED that this action is **dismissed without prejudice**, therefore Freshwadda's motion for relief from judgment **[ECF No. 28]** and the defendants' motion to dismiss **[ECF No. 30] are DENIED as moot.**

The Clerk of Court is kindly instructed to close this case.

Dated: October 3, 2025

_____
Cristina D. Silva
United States District Judge