## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| R.O. Brooks Freshwadda, | Case No. 2:23-cv-00880-CDS-DJA |
| Plaintiff | **Order Denying Plaintiff's Emergency Motion for Reconsideration, Motion for Entry of Final Judgment, and Motion for Summary Judgment** |
| v. | |
| Nicholas Boutos, et al., | |
| Defendants | [ECF Nos. 35, 38, 39] |

Pro se plaintiff R.O. Brooks Freshwadda filed an emergency motion for reconsideration under Federal Rule of Civil Procedure 59(e). Emerg. mot., ECF No. 35. Therein, he argues that the order dismissing this case without prejudice (ECF No. 32) was manifestly unjust because the court did not consider his opposition to the defendants' motion to dismiss. *See id.* The defendants oppose the motion. Opp'n, ECF No. 36. They argue that Freshwadda fails to meet the reconsideration standard, and that the court correctly applied the *Henderson* factors and dismissed this action because of Freshwadda's failure to diligently prosecute his case. *See id.* The motion is now fully briefed. Reply, ECF No. 37. Further, on December 4, 2025, Freshwadda filed a motion for entry of final judgment and a motion for summary judgment. Mots., ECF Nos. 38, 39. For the reasons set forth herein, I deny all pending motions.

I.      **Legal authority**

A.  **Emergency motions**

The local rules of this district provide the court with the sole discretion to determine whether an "emergency" motion is, in fact, an emergency. Local Rule 7-4(c). Emergency motions "should be rare" because of the "numerous problems they create for the opposing party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Indeed, the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza*, 141 F. Supp. 3d at 1141. That is because emergency motions

1  burden both the parties and the court, requiring each to "abandon other matters to focus on the

2  pending 'emergency.'" *Id.*

3        Generally, an emergency motion is appropriate only when the movant has shown: (1) the

4  movant will be irreparably prejudiced if the court resolves the motion under the normal briefing

5  schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief

6  or, at the very least, the crisis occurred because of excusable neglect. *Id.* (citing *Mission Power

7  Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable

8  prejudice, then no sufficient justification for bypassing the default briefing schedule exists, and

9  the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

10        Local Rule 7-4 sets forth the proper procedure for filing emergency motions. It requires

11  that a party filing an emergency motion include a declaration that includes

12        [a] statement of movant certifying that, after participation in the meet-and-confer
13        process to resolve the dispute, the [moving party] has been unable to resolve the
        matter without court action. The statement also must state when and how the
14        other affected people or entities were notified of the motion or, if not notified, why
        it was not practicable to do so. If the nature of the emergency precludes a meet and
15        confer, the statement must include a detailed description of the emergency, so the
        court can evaluate whether a meet and confer truly was precluded.
16

17  LR 7-4(a)(3).

18        **B.  Motion for reconsideration**

19        Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the

20  interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945

21  (9th Cir. 2003) (citation modified). "Indeed, 'a motion for reconsideration should not be granted,

22  absent highly unusual circumstances, unless the district court is presented with newly

23  discovered evidence, committed clear error, or if there is an intervening change in the controlling

24  law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion to

25  reconsider must provide a court with valid grounds for reconsideration.

26

Under Rule 59(e), reconsideration may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted).[1] Clear error is "plain and indisputable, and [it] amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (cleaned up). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols., Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013); *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). In this district, motions for reconsiderations are governed by Local Rule 59-1.

## II.    Discussion

I first address Freshwadda's reconsideration motion and find that it fail for two reasons. First, his motion fails to comply with the local rules. Although pro se litigants are not held "to the same standards to which we hold sophisticated parties acting with the benefit of legal representation," *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010), they are nevertheless bound by the Federal Rules of Civil Procedure and this district's local rules.[2] *See Jacobsen v. Filler*,

---

[1] Freshwadda moves under Rule 59(e) so I address it herein. I note however, that Rule 60 is more applicable, so I evaluate his motion under that rule as well. Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Subsection (b)(6) of that Rule also allows the Court to relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Like Rule 59, relief under Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *See Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006)). To be entitled to relief, the moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. For the same reasons explained here, Freshwadda does not demonstrate reconsideration is warranted here, especially given he was given multiple opportunities to comply with the court's orders to prosecute his case and failed to do so.

[2] Freshwadda was previously warned that he must follow the local rules. *See* ECF No. 20.

790 F.2d 1362, 1364–65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Here, Freshwadda's motion fails to comply with Local Rule 7-4. Specifically, the motion neither attaches a declaration nor addresses the meet and confer requirement. *See* LR 7-4(a)(3). The motion also fails to comply with LR 7-4(d) requiring that, at the time an emergency motion is filed or shortly thereafter, the moving party must "advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed." LR 7-2(d). Freshwadda did not contact my courtroom administrator. Finally, having reviewed the motion, there is no basis for this motion to be filed as an emergency. Although Freshwadda's failure to comply with the local rules is sufficient reason to deny his motion for reconsideration, I nonetheless address the motion on its merits.

Freshwadda's reconsideration motion is also denied because he fails to satisfy the requirements for the relief he seeks. Freshwadda argues that the dismissal order is erroneous because I failed to consider his opposition to the motion to dismiss that was filed on October 1, 2025, and misapplied the *Henderson* factors. *See* ECF No. 35 at 2–6. I disagree on both fronts.

First, Freshwadda's argument that I failed to consider his opposition to the motion to dismiss is misplaced. This court mooted the pending motion to dismiss after dismissing this case for failure to prosecute. As explained in the August 15, 2025 show cause order,

> "Freshwadda has yet to comply with Local Rule 26-1(a), which requires a plaintiff to "initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears." D. Nev. Local Rule 26-1(a). Here, defendants filed an answer to the complaint almost two years ago, on November 21, 2023. Answer, ECF No. 12. A review of the docket reveals that Freshwadda has not engaged in discovery, much less diligently prosecuted this case."

ECF No. 26 at 3. Further, Freshwadda has been previously warned that the court would dismiss the case for want of prosecution. *Id.* His response to the show cause order did not explain his failure to prosecute. *See* ECF No. 27. Instead, he attempted to shift responsibility for moving this case forward onto the defendants, when the rules clearly place that responsibility on him as the

plaintiff. *Id.* at 3–4. He contends that his motions practice demonstrates diligence. *Id.* at 4 (citing ECF Nos. 17, 19 that were stricken by the court). But Freshwadda's motion for reconsideration wholly fails to explain why he repeatedly disregarded this court's order to comply with Local Rule 26-1(a). Although he filed an opposition to the defendants' motion to dismiss, that does not alleviate his responsibility to comply with this court's orders and the Local Rules to prosecute his case. His failure to comply, even after multiple warnings, was fatal to his case. *See* Notice, ECF No. 15; Order to comply, ECF No. 20; Order to show cause, ECF No. 26. Simply put, Freshwadda was required to diligently prosecute this case, and he failed to do so.

Second, Freshwadda's argument that I misapplied the *Henderson* factors also fails. Freshwadda bases his arguments solely on mere disagreement with my reasoning. But "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Haw. Stevedores, Inc. v. HT&T Co.,* 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). His motion does not support a finding that clear error was committed nor that my initial decision was manifestly unjust. Consequently, his motion for reconsideration is denied.

Because his motion for reconsideration fails, this action remains closed, so his motion for entry of final judgment and a motion for summary judgment are denied as moot.

**III.    Conclusion**

IT IS HEREBY ORDERED that Freshwadda's motion for reconsideration **[ECF No. 35] is DENIED.**

IT IS FURTHER ORDERED that Freshwadda's motion for entry of judgment and motion for summary judgment **[ECF Nos. 38, 39] are DENIED as moot.**

No further filings may be made in this closed action.

Dated: December 9, 2025

_____
Cristina D. Silva
United States District Judge