UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| R.O. Brooks Freshwadda, | Case No. 2:23-cv-00880-CDS-DJA |
| Plaintiff | **Order Denying Motions to Recuse and Striking and Notices** |
| v. | |
| Nicholas Boutos, et al., | [ECF Nos. 41, 42, 43, 45, 46, 47, 48, 50] |
| Defendant | |

Pro se plaintiff R.O. Brooks Freshwadda brought this § 1983 action in June of 2023. *See* Compl., ECF No. 8. I dismissed this case without prejudice in October of 2025 after (1) warning Freshwadda that he failed to diligently prosecute this case, and (2) issuing an order to show cause requiring Freshwadda to demonstrate why this action should not be dismissed for failing to prosecute his case. *See* ECF Orders, Nos. 15, 26. Indeed, as explained in the show cause order, the docket revealed "that Freshwadda ha[d] not engaged in discovery, much less diligently prosecuted []his case." ECF No. 26 at 3. Freshwadda's response to the show cause order was deficient, as it did not cite any applicable case law explaining his failure to comply with the Local Rules, engage in discovery, or prosecute his case diligently. *See* Resp., ECF No. 27. Consequently, I dismissed this action and directed the Clerk of Court to close the case. *See* ECF No. 32.

Since dismissing this case, ten filings from Freshwadda have been docketed: a response to the dismissal order (ECF No. 41), two motions for recusal (ECF Nos. 42, 47), four "notices" (ECF Nos. 43, 45, 48, 50), an objection (ECF No. 46), and two declarations (ECF Nos. 44, 49). For the reasons explained herein, I strike the notices and deny the motions for recusal.

I.  Discussion

    A.  **The four filed "notices" are improper and are therefore stricken (ECF Nos. 43, 45, 48, 50).**

The court has authority to strike an improper filing under its inherent power to control its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because "[e]very paper filed with the . . . [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Here, Freshwadda improperly filed four separate "notices" so they are stricken.

Notices are a type of filing that should rarely be used and only for administrative functions—such as notifying the court of an address change or informing the court that an attorney is appearing to represent a client. *See, e.g.*, LR IA 3-1 (notifying court of a change of contact information); LR IA 1-4 (submitting a notice of an in-camera submission); LR IC 1-1(d) (notices of manual filings). Notices cannot, however, be used as to make the court's docket a repository for allegations or alleged discovery. *See Hinojos v. Weir*, 2025 WL 2337103, at *2 (D. Ariz. Aug. 12, 2025) ("The court's docket is not a repository for the parties' evidence."); *see also Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. July 19, 2021) ("The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims."). All court filings requesting relief or requesting that the court make a ruling or take an action of any kind must be in the form of a motion and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7; LR 7-2.[1]

---

[1] Freshwadda was previously cautioned about what can be filed in civil cases and was advised that rogue notices are improper and can be stricken. *See* ECF No. 24 at 3–4.

**B. The motions for recusal are denied (ECF Nos. 41, 42, 46, 47).**

Freshwadda filed two motions for recusal (ECF Nos. 42, 47), a response to the dismissal order based on alleged judicial bias (ECF No. 41) and an objection "to Judicial Bias, Fraud Upon the Court, and Demand for Judicial Restatement of Case" (ECF No. 46). I construe ECF Nos. 41 and 46 as additional motions for recusal.[2]

Disqualification is called for "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . against him or in favor of any adverse party." 28 U.S.C. § 144. Further, a judge must disqualify herself "where [she] has a personal bias or prejudice concerning a party." *Id.* at § 455(b)(1).

"The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"[3] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). Although 28 U.S.C. § 144 "provides a procedure for a party to recuse a judge," § 455 "imposes an affirmative duty upon judges to recuse themselves.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); 28 U.S.C. § 455. "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665,

---

[2] I also construe both filings as motions for reconsideration of my orders and address reconsideration below.

[3] A motion under § 144 must be reassigned to another judge for resolution on the merits "[i]f the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

As a threshold matter, I construe Freshwadda's declaration (ECF No. 44) and supplemental declaration (ECF No. 49), which are duplicative filings, as the required affidavit[4] under 28 U.S.C. § 144. "An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Sibla*, 624 F.2d at 868. Here, neither declaration is legally sufficient because the duplicate filings only contain self-serving conclusions of alleged bias.

Freshwadda fails to meet the high burden showing recusal is appropriate. None of Freshwadda's filings demonstrate that I have any personal bias or prejudice against him or in favor of any adverse party. Nor do they show that a reasonable person with knowledge of all the facts would conclude that my impartiality might reasonably be questioned. Rather, the docket in this action reveals I gave Freshwadda ample time and opportunity to diligently prosecute his case, but he failed to do so.[5]

The plaintiff's responsibility is to move the action toward disposition at a reasonable pace; the court's responsibility is to manage its docket. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991); *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets"). Freshwadda failed to move his action forward and failed to comply with the Local Rules, so dismissal was

---

[4] A party seeking recusal under § 144 requires the party seeking disqualification to "file[ ] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice" concerning a party. 28 U.S.C. § 144.

[5] Based on the recent filings, it appears Freshwadda believes responding to the defendants' motion to dismiss constitutes prosecuting his case and therefore my dismissal order was erroneous. While defending a motion to dismiss is a part of litigating the case, it is separate and apart from the plaintiff's obligation to prosecute their case. Freshwadda wholly fails to recognize he failed to move this case forward, first by allowing it to sit dormant for well over a year, and then even after he was warned the action could be dismissed, by failing to comply with the Local Rules. Instead, he filed a motion for $30 million dollars in damages and a motion for reconsideration of my order denying that motion. The docket demonstrates Freshwadda could have prosecuted his case but elected not to.

appropriate. While Freshwadda disagrees with my decision to dismiss and believes I must be partial or biased, "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, Freshwadda's motions for recusal are denied.

### *1. The motions for reconsideration are denied (ECF Nos. 41, 46).*

Liberally construing Freshwadda's response to the dismissal order based on alleged judicial bias (ECF No. 41) and the objection "to Judicial Bias, Fraud Upon the Court, and Demand for Judicial Restatement of Case" (ECF No. 46), it appears that Freshwadda seeks reconsideration of my order dismissing the case, and to reopen the case. Neither filing sets forth the standard for reconsideration.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, (3) if there is an intervening change in controlling law[,]" or (4) there are "highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Whether or not to grant reconsideration," however, "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Meeting this standard is particularly importantly here given I have already denied a previous request for reconsideration. Freshwadda fails to show how my orders constituted clear error or were manifestly unjust. Nor does he present any newly discovered evidence, an intervening change in controlling law, or other circumstances warranting reconsideration. For the reasons explained above, dismissal was warranted,[6] so Freshwadda's motion for reconsideration and request to reopen this action is denied.

---

[6] Freshwadda is reminded that this action was dismissed without prejudice. *See* ECF No. 32 at 3 ("[T]his action is dismissed without prejudice.").

II.      Conclusion

IT IS HEREBY ORDERED that Freshwadda's motions for recusal [ECF Nos. 41, 42, 46, 47] are DENIED.

IT IS FURTHER ORDERED that the notices docketed at [ECF Nos. 43, 45, 48, 50] are STRICKEN.

IT IS FURTHER ORDERED that no further filings may be made in this closed action.

Dated: January 7, 2026

_____
Cristina D. Silva
United States District Judge